Crew, J.
The only error assigned in this case which need be especially considered in this opinion, is that of the alleged misconduct of counsel in the argument of the case to the jury. Upon the argument of this cause in the court of common pleas one of the counsel for plaintiffs stated to the jury among other things, “that within thirty days a’fter the occurrence of this fire, Mr. Schmettau, as counsel for the defendant, made an offer of settlement, and that offer was repeated as late as the day of the commencement of this trial.” To this statement the defendant by its counsel then and there excepted. And thereupon, to quote from the record, “counsel who had made the statement, stated to the jury that he withdrew the statement objected to,” and the court then instructed the jury as follows: “Gentlemen of the jury, it becomes my duty to say to you on this question that here is absolutely no evidence in this case that either party ever wanted to settle or that any attempt was ever made to settle; and I will say to you further, as a matter of law, that if the parties had gotten together in an effort to settle this case, the law wouldn’t permit such effort to settle, to be given to the jury -in evidence; it is *133 your duty to disregard absolutely the whole of any statement by any counsel to the effect that any effort was made to settle this case or any other case.” And thereupon the argument proceeded. That the statements thus made by counsel transcended the bounds of legitimate argument and were grossly improper, is both obvious and conceded, but it is claimed that any prejudicial effect which such statements may have had was removed or cured by the subsequent action of court and counsel. This conclusion, we think, by no means follows, nor does it affirmatively appear in this case that such conclusion is justified by the facts. While it is true that courts of last resort have frequently, though not uniformly, held the rule to be, that the prejudice, if any, resulting from the misconduct of counsel in argument to the jury may be eliminated or cured by the prompt withdrawal of the objectionable statements made by counsel, accompanied by an instruction from the court to the jury to disregard such statements, yet this rule, so far as our examination of the authorities has disclosed, is recognized and applied by the courts in those cases only, where it is made to appear by the record from a consideration of the character of the statements made, that their prejudicial effect has probably been averted by such withdrawal and instruction. As remarked by Shauck, J„ in Cleveland, Painesville & Eastern Railroad Co. v. Pritschau, 69 Ohio St., 447: “It is due to differences in the character of the misconduct rather than to differences of opinion in reviewing courts that it has in some cases been held that the effect of the misconduct may be eliminated by instructions, *134 and in others that it cannot be.” When we consider, in the present case, that there was no direct evidence establishing the origin of this fire, and that upon the whole of the evidence adduced on the trial the question, of defendant’s negligence and consequent liability was at best a very close question of fact involved in much uncertainty and doubt, the harmful and extremely prejudicial effect of a statement by counsel to the jury, that soon after the fire the railroad company had offered to settle the loss, and that such offer had been renewed on the very day the trial commenced, becomes at once' perfectly apparent. And the attempted withdrawal of these statements from the jury was, we think, wholly impotent to rid them of the mischievous inference that they were nevertheless true; and was utterly ineffectual to dislodge or remove from the minds of the jurors the harmful impression, which such statements were calculated, and obviously intended, to produce. No other rational conclusion can be reached in this case than that plaintiff’s counsel by the making of such statements intended thereby and in that way to get before the jury a fact which he was not entitled to, and one which from considerations of public polic)'- the .law forbade should be mentioned on the trial, and this, for the sole and obvious purpose of inducing in the minds of the jury the impression or belief, that the railroad company in making such offer of settlement had, indirectly at least, confessed and admitted its liability. Manifestly this was the purpose of counsel’s ' statements, and we think it impossible to say in this case that such was not their effect. While it should perhaps be said, that after *135 objection made, court and counsel did all in their power to counteract and overcome the effect of these improper and prejudicial statements, yet the mischief had been done, the poison had be injected, and that which thereafter occurred was not, in our judgment, a sufficient antidote. It is the policy of the law to encourage the settlement of legal controversies, and hence it does not permit an offer of compromise to be given in evidence as an acknowledgment or admission of the party making it, and this salutary rule, which is grounded upon considerations of public policy, just as imperatively forbids that the fact that such offer was made shall be mentioned or commented upon by counsel in argument to the jury, and when it is, unless it shall clearly appear from the record in the particular case' that the verdict of the jury was' not affected thereby, the misconduct is such as to require in the due administration of justice, that a new trial be granted therefor. The view that misconduct of counsel, such as is complained of in this case is sufficient to warrant and require the granting of a new trial unless it be made to appear that the verdict of the jury was not in any manner influenced thereby, is fully supported by the several cases cited in the brief of counsel for plaintiff in error, and by many others.
As this case must be remanded for new trial, there is perhaps one further assignment of error we should notice briefly. On the trial of this cause in the court of common pleas counsel for the railroad company requested the following instruction, which the court refused to give: “The laws of Ohio expressly permit a railroad company *136 to operate its engines during the months of December, January and February without using a spark arresting- device and if, therefore, you find that the defendant’s engine was, at the time of the fire, equipped with and using such a device, that was merely a voluntary precaution against fire taken by the defendant, and which the law did not require of it. The jury are, therefore, not concerned with the questions whether the spark arrester was or was not of the best pattern, or was or was not in repair except as the fact that it was of the best pattern and was in good repair, if proved, may tend to show that the engine so equipped did not and could not have started the fire.” This instruction, we think, contains a correct statement of the law. It was, under the issues and evidence in this case, a pertinent instruction, and should therefore have been given to the jury. Inasmuch, however, as it affirmatively appears by answers to the special interrogatories submitted to the jury, at the request of counsel for the railroad company, that defendant’s locomotive, at the time of the fire, was equipped with a proper spark arresting device, and that said spark arrester was then in good repair, the refusal to charge as requested was not, we think, in view of what was said in the general charge upon that subject, such prejudicial error as to require a reversal on that ground.

Judgments of the circuit court and of the court of common pleas reversed, and cause remanded to the latter court for a re-trial according to law.

Spear, Davis, Shauck and Price, JJ., concur.